IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cr-258-BO-9

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MOHAMED E. OULD EL BECHIR | ) | |

This cause comes before the Court on defendant's nine motions pertaining to production of discovery materials as well as his motions to sequester witnesses and suppress evidence. For the reasons stated below, these motions are denied.

## BACKGROUND

On June 19, 2019, defendant was named in an 8-count, 32-defendant indictment arising from a large-scale cigarette smuggling operation. On January 24, 2020, defendant filed eleven motions. Nine of these motions request that the government preserve and produce discovery in accordance with its various legal obligations. Defendant has also moved for the Court to sequester witnesses at trial. Finally, defendant moves to suppress evidence and statements arising from an allegedly unlawful search of defendant's vehicle.

The parties have been engaged in plea discussions and, consequently, have filed three consent motions for extension of time for the government to respond to the various motions. On June 10, 2020, the government filed its responses and the motions were submitted to the undersigned for review.

## DISCUSSION

### Motions for production

In its response to the various motions for production and preservation of evidence, the government represents that it has produced to defendant all known discovery materials. It further represents that it will continue production in accordance with its legal obligations. With respect to defendant's request for early production of *Jencks* material, the government correctly submits that it is not due until the witness testifies at trial. *United States v. Peoples*, 748 F.2d 934, 936 (4th Cir. 1984); *see also United States v. Lewis*, 35 F.3d 148, 151 (4th Cir. 1994) ("The district court may not require the government to produce Jencks Act material relating to one of its witnesses until after the witness has testified."). Defendant has not disputed that the government has produced all known discovery at this time, and therefore, defendant's motions related to production are denied as moot.

### Motion to sequester

The government does not oppose sequestering witnesses. But an order to sequester witnesses is typically granted at the start of a trial. *See* Fed. R. Evid. 615. Defendant should renew his motion to sequester before trial. The motion is denied without prejudice.

### Motion to suppress

In his motion to suppress, defendant alleges that during a traffic stop for speeding and failing to move lanes while passing a law enforcement vehicle, his car was unlawfully searched and he was not properly Mirandized.

At about 4:30 PM on October 8, 2018, Eagle Intelligence Services[1] and the Cumberland County Sheriff's Office observed defendant loading cigarettes into his van at a storage unit. Law enforcement was at the storage unit because they had tracked Mohamed Hafed Abdou, a co-defendant in this case, from an apartment complex known for cigarette trafficking to the storage unit. Defendant arrived at the storage unit and loaded his van with cigarettes. Defendant then departed northward towards Virginia around 6:00 PM, unknowingly tailed by investigators. Additionally, law enforcement in Virginia was advised that defendant was en route.

Near Richmond, defendant was pulled over by Henrico Police after he passed a law enforcement vehicle parked in the left shoulder of the road with its lights on. Defendant was told that he was stopped for speeding and failing to move over for an emergency vehicle. At this point, the same emergency vehicle that he had just passed pulled up to the scene. After being stopped for more than an hour, and after repeated attempts by the officers to gain defendant's consent to search the vehicle, defendant was ordered out of the vehicle and was handcuffed. The officers searched the vehicle and uncovered cigarettes without any Virginia tax stamps. Defendant was asked how many boxes there were, to which he responded: "probably 500 or more." Defendant told the officers that he needed to talk to his lawyer. The officers then gave *Miranda* warnings. Defendant again stated that he needed to talk with his lawyer. After reading defendant his rights, an officer asked defendant to work with them. Defendant again stated that he wanted his lawyer and said to take him to the station. The officers then took defendant to a magistrate judge.

Defendant's motion to suppress the evidence from the search must be denied because the officers had probable cause to believe that the vehicle contained evidence of illegal activity. *United*

---

[1] Eagle Intelligence Services is a private investigative agency hired by cigarette manufacturers to assist law enforcement in cigarette trafficking investigations.

3

*States v. Baker*, 719 F.3d 313, 319 (4th Cir. 2013). Specifically, law enforcement in North Carolina had observed defendant loading the cigarettes from the storage unit into the van. Defendant was then tracked northward as that information was relayed to law enforcement in Virginia, who made the stop. The lawfulness of stop and search does not change merely because the police used a pretextual reason to make the stop. *Whren v. United States*, 517 U.S. 806, 816 (1996). Additionally, the statements defendant seeks to suppress were not made during a custodial interrogation for purposes of *Miranda*. *United States v. Sullivan*, 138 F.3d 126, 131 (4th Cir. 1998) ("[A] routine traffic stop does not place the motorist in custody so as to require *Miranda* warnings."); *United States v. Leshuk*, 65 F.3d 1105, 1109–10 (4th Cir. 1995) (handcuffing a suspect does not necessarily convert a lawful stop into a custodial arrest). Therefore, the suppression motion is also denied with respect to the statements.

## CONCLUSION

For the reasons stated above, defendant's motions for preservation and production of discovery materials [DE 489, 491, 492, 493, 494, 495, 496, 497, 498] are DENIED AS MOOT. The motion to sequester witnesses [DE 499] is DENIED WITHOUT PREJUDICE and should be renewed before trial. Finally, the motion to suppress [DE 500] is DENIED.

SO ORDERED, this __22__ day of June, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE